**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   AUG 1 0 2007   ★

BROOKLYN OFFICE

|  |  |
|---|---|
| SWAROVSKI AKTIENGESELLSCHAFT and SWAROVSKI OPTIK NORTH AMERICA, | ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| CAMBRIDGE CAMERA EXCHANGE, INC. d/b/a CAMBRIDGE WORLD, INC., | ) ) ) |
| Defendant. | ) ) ) |

CV 07          3333

2007 Civ._____(____)

COMPLAINT

GARAUFIS, J.

Plaintiffs, Swarovski Aktiengesellschaft and Swarovski Optik North America

("Swarovski" or "Plaintiffs") complain and allege against Defendant Cambridge Camera

Exchange, Inc. d/b/a/ Cambridge World, Inc. ("Cambridge World" or "Defendant") as follows:

**INTRODUCTION**

1.      In this complaint, Swarovski seeks injunctive relief and damages pursuant to

Sections 32, 43(a) and 43(c) of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a) and (c); Sections 349

and 360-1 of the New York General Business Law; and the common law of the State of New

York.

2.      This is an action for trademark infringement, unfair competition, false advertising,

trademark dilution and related claims based upon Defendant's prominent, unauthorized use of the

SWAROVSKI® trademark in a manner falsely suggesting that the binoculars, scopes and

eyepieces offered for sale on its website, located at www.cambridgeworld.com, are genuine

SWAROVSKI® merchandise.

3.     While Swarovski does manufacture optical glass products, including binoculars, scopes and eyepieces, such products are only sold through authorized SWAROVSKI® dealers.  To become an authorized SWAROVSKI® dealer, a vendor must meet specific criteria set forth in Swarovski's United States Retailer Agreement.  Cambridge World has not at any time been and is not now an authorized dealer of SWAROVSKI® products   Cambridge World is not authorized to sell SWAROVSKI® products under any circumstances.

4.     The deliberate false advertising and misuse of the SWAROVSKI® trademark by Defendant has created a likelihood of confusion, tarnished and diluted the distinctiveness of the SWAROVSKI® trademark, and violated Swarovski's rights under applicable state law.  Unless enjoined, this willful misconduct by Defendant will continue to injure Swarovski.

## JURISDICTION AND VENUE

5.     This action is based on Sections 32 and 43(a) and (c) of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a) and 1125(c); Sections 349 and 360-1 of the New York General Business Law; and the common law of the State of New York.

6.     This Court has jurisdiction over the subject matter of this action pursuant to: Section 39 of the Lanham Act, 15 U.S.C. § 1121, as well as 28 U.S.C. §§ 1331 and 1338(a) for the claims arising out of the violations of Sections 32, 43(a), and (c) of the Lanham Act; (ii) 28 U.S.C. § 1332(a)(2), as an action between citizens of a State and citizens or subjects of a foreign state in which the amount in controversy exceeds $75,000, exclusive of interest and costs; and (iii) has supplemental jurisdiction over Swarovski's New York state law claims pursuant to 28 U.S.C. § 1367(a).

7.     A substantial part of the events giving rise to the claims alleged herein have occurred in this judicial district.  In addition, Defendant is subject to personal jurisdiction in this district.  Venue in this district is proper under 28 U.S.C. § 1391(b).

2

## THE PARTIES

8.      Plaintiff Swarovski Aktiengesellschaft ("SAG") is a Liechtenstein joint-stock company with its principal place of business at Droschistrasse 15 FL-9495 Triesen, Liechtenstein. SAG owns all right, title and interest in and to the SWAROVSKI® trademark and name.

9.      Plaintiff Swarovski Optik North America ("SONA") is a Rhode Island Corporation with its principal place of business at Two Slater Road, Cranston, Rhode Island 02920.  SONA uses the SWAROVSKI® trademark under express permission from SAG.

10.      On information and belief, Defendant Cambridge Camera Exchange, Inc. d/b/a/ Cambridge World, Inc. is a New York corporation that is located at 34 Franklin Avenue, Brooklyn, NY 11205.

## BACKGROUND FACTS

11.      Swarovski designs, manufactures and distributes crystal stones, jewelry, optical lenses, binoculars, glass scopes and other products under the SWAROVSKI® trademark and name.

12.      To enhance its rights in the SWAROVSKI® trademark, SAG has obtained numerous registrations, including but not limited to SWAROVSKI® for numerous products including optical glass, lenses of all kinds, binoculars, opera glasses, rifle scopes and telescopic sights (Registration No. 3,239,948) and SWAROVSKI® for use in connection with "genuine and artificial gemstones" and "jewelry" (Registration No. 1,739,479) ( "SWAROVSKI® Mark"). Copies of these registrations are attached hereto as Exhibit A.

13.      The SWAROVSKI® Mark and name are distinctive and famous.  The SWAROVSKI® Mark is arbitrary (and thus inherently distinctive); alternatively, it has acquired secondary meaning through extensive sales and advertising.  The public has come to associate the

3

SWAROVSKI® Mark exclusively with high-quality glass and crystal products marketed by the Swarovski companies.

14.     Swarovski manufactures only the finest optics in the world.  Accordingly, Swarovski only entrusts the sale of SWAROVSKI® products to authorized dealers in the United States.  Authorized dealers must meet specific criteria set forth in Swarovski's United States Retailer Agreement and are only selected after visitation from and approval by a Swarovski sales representative, in order to further ensure that the vendor's location and display capability is appropriate for SWAROVSKI® products.  To enhance its rights in the SWAROVSKI® Mark, SAGor its affiliates have registered domain names incorporating the term "Swarovski" and variations thereof, including among others, "swarovski.com" and "swarovski.net."  Active websites are maintained in connection with these domain names.

### DEFENDANT'S WRONGFUL CONDUCT

15.     For at least one year, and long after Swarovski's adoption, use and federal registration of the SWAROVSKI® Mark, Cambridge World has offered for sale on its website, www.cambridgeworld.com, "Swarovski" binoculars, scopes and eyepieces of different variations and prices ranging from $268.95 to $1349.95.

16.     Defendant prominently uses the SWAROVSKI® Mark on its website in association with at least twenty-three glass and optical products.  An image of the offending webpage is attached hereto as Exhibit B.

17.     Plaintiffs have not authorized Defendant to use the SWAROVSKI® trademark on any merchandise, or in any advertising, including the webpage depicted in Exhibit B.

18.     Defendant is not an authorized dealer of SWAROVSKI® products, and does not have a license from Swarovski or its affiliates to sell SWAROVSKI® products of any kind.

4

19.     Upon information and belief, customers that contact Cambridge World and request to purchase the "Swarovski" binoculars or other glass products offered for sale on Defendant's website are told that such products are not currently available.  Upon information and belief, employees at Cambridge World advise those customers to purchase an alternative product.

20.     Upon information and belief, despite Defendant's advertisement of "Swarovski" products, Defendant does not have such products in its inventory available for sale.

21.     Defendant's acts of false advertising and deliberate infringement and misappropriation of the SWAROVSKI® Mark, along with the valuable goodwill represented thereby, has caused irreparable damage to the public and to Swarovski for which there is no adequate remedy at law.  As a result of Defendant's actions, consumers may be misled into thinking that Defendant sells, or has available for sale, genuine SWAROVSKI® products, or that the products offered by Defendant are somehow officially endorsed, affiliated or sponsored by Swarovski.

## COUNT ONE
## INFRINGEMENT OF A FEDERALLY-REGISTERED TRADEMARK
## UNDER SECTION 32 OF THE LANHAM ACT

22.     Plaintiffs hereby incorporate by reference and reallege each and every allegation of Paragraphs 1 through 21 above.

23.     Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a), prohibits any person from using in commerce, without the consent of the registrant,

> any reproduction, counterfeit, copy or colorable imitation of a
> registered trademark in connection with the sale, offering for sale,
> distribution, or advertising of any goods or services on or in
> connection with which such use is likely to cause confusion, or to
> cause mistake, or to deceive . . . .

24.     The SWAROVSKI® Mark is federally registered and Plaintiffs own all right and title in and to the SWAROVSKI® Mark.

5

25.     Defendant uses the SWAROVSKI® Mark in commerce by displaying the SWAROVSKI® name on its website in connection with the advertising and offering for sale of binoculars, scopes and eyepieces.

26.     Defendant has intentionally used the SWAROVSKI® Mark without Swarovski's consent or authorization. Defendant's use of the SWAROVSKI® Mark in connection with the advertisement and offering for sale of binoculars, scopes and eyepieces is likely to cause confusion and mistake in the minds of the public, leading the public to believe that Defendant's products emanate or originate with Swarovski, or that Swarovski has approved, sponsored or otherwise associated itself with Defendant or its products.

27.     Defendant's unauthorized use of the SWAROVSKI® Marks as set forth above has resulted in Defendant unfairly benefiting from Swarovski's advertising, promotion and use of the SWAROVSKI® Mark, all to the substantial and irreparable injury of the public and Swarovski, as well as to the substantial goodwill represented thereby.

28.     Defendant's acts have caused, and will continue to cause, irreparable injury to Plaintiffs. Plaintiffs have no adequate remedy at law and are thus damaged in an amount not yet determined.

**COUNT TWO**
**FALSE DESIGNATION OF ORIGIN**
**AND UNFAIR COMPETITION UNDER**
**SECTION 43(a) OF THE LANHAM ACT**

29.     Plaintiffs hereby incorporate by reference and reallege each and every allegation of Paragraphs 1 through 21 above.

30.     Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) provides that:

> Any person who, on or in connection with any goods or services,
> . . . uses in commerce any word, term, name, symbol, or device, or

6

any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which

(1) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or (2) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, . . .

shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

31. Plaintiffs own all right and title in and to the SWAROVSKI® Mark.

32. The SWAROVSKI® Mark is highly distinctive. Based on Swarovski's extensive advertising, sales and popularity, the SWAROVSKI® Mark has also acquired secondary meaning so that the public associates such mark exclusively with Plaintiffs

33. By making unauthorized use, in interstate commerce, of the SWAROVSKI® Mark, Defendant has used a "false designation of origin" that is likely to cause confusion, mistake or deception as to the affiliation or connection of Defendant with Swarovski, and/or as to the sponsorship or approval of Defendant's products by Swarovski, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

34. Defendant's use of the SWAROVSKI® Mark on its website, located at www.cambridgeworld.com, is likely to cause confusion and mistake, and/or to deceive and mislead the purchasing public; trades upon Swarovski's high-quality reputation; and improperly appropriates to Defendant the valuable trademarks of Swarovski.

35. Defendant's wrongful acts will continue unless enjoined by this Court.

36.     Defendant's acts have caused, and will continue to cause, irreparable injury to Plaintiffs.  Plaintiffs have no adequate remedy at law and are thus damaged in an amount not yet determined.

### COUNT THREE
### FALSE ADVERTISING
### UNDER SECTION 43(a) OF THE LANHAM ACT, 15 U.S.C. § 1125(a)

37.     Plaintiffs hereby incorporate by reference and reallege each and every allegation in Paragraphs 1 through 21 above.

38.     Defendant has made false and/or misleading statements of fact, including deceptive statements, expressly or by implication, that the Defendant currently has available for sale genuine SWAROVSKI® binoculars, scopes and eyepieces, or that is has permission to offer for sale genuine SWAROVSKI® binoculars, scopes and eyepieces.  Such statements also falsely imply that Defendant is an authorized dealer of SWAROVSKI® products, which Defendant is not.

39.     Defendant has disseminated the false and/or misleading statements of fact described above into interstate commerce.

40.     Defendant's statements as described above have actually deceived a substantial segment of the audience exposed to them, or have the capacity for such deception.  Such statements are material in that they have and will likely affect the purchasing decisions of customers visiting the website located at www.cambridgeworld.com.

41.     By making such false and/or misleading statements, Defendant has made a "false or misleading description or representation of fact" in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

42.     Defendant's wrongful acts will continue unless enjoined by this Court.

8

43.    Defendant's acts have caused, and will continue to cause, irreparable injury to Plaintiffs.  Plaintiffs have no adequate remedy at law and are thus damaged in an amount not yet determined.

## COUNT FOUR
## DILUTION UNDER
## SECTION 43(c) OF THE LANHAM ACT

44.    Plaintiffs hereby incorporate by reference and reallege each and every allegation of Paragraphs 1 through 21 above.

45.    Swarovski is the exclusive owner of the SWAROVSKI® Mark nationwide.

46.    Plaintiffs' SWAROVSKI® Mark is famous and distinctive within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

47.    The SWAROVSKI® Mark is an inherently distinctive mark that has been in use for many years nationwide and plays a prominent role in Swarovski's advertising across many different media.  The SWAROVSKI® Mark has garnered widespread publicity and public recognition in New York and elsewhere nationwide, and such mark was famous in New York and nationwide long before Defendant began using an identical mark on its website.

48.    Defendant's use of the SWAROVSKI® Mark on its website actually dilutes, or is likely to dilute, the distinctive quality of such mark and to lessen the capacity of such mark to identify and distinguish Swarovski's goods and services from those of others.  Defendant's unlawful use of the SWAROVSKI® Mark and false advertising as to the availability or permissive sale of genuine SWAROVSKI® products causes blurring in the minds of the consumers between Swarovski and Defendant, thereby lessening the value of the SWAROVSKI® Mark as a unique identifier of genuine SWAROVSKI® goods and services.

9

49.     By the acts described in Paragraphs 1 though 21 above, Defendant has intentionally and willfully diluted the distinctive quality of the famous SWAROVSKI® Mark in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

50.     Defendant's wrongful acts will continue unless enjoined by this Court.

51.     Defendant's acts have caused, and will continue to cause, irreparable injury to the Plaintiffs.  Plaintiffs have no adequate remedy at law and are thus damaged in an amount not yet determined.

### COUNT FIVE
### DECEPTIVE ACTS AND PRACTICES UNDER
### SECTION 349 OF NEW YORK GENERAL BUSINESS LAW

52.     Plaintiffs hereby incorporate by reference and reallege each and every allegation of Paragraphs 1 through 21 above.

53.     Through its advertisement, offering for sale and/or sale of products bearing the SWAROVSKI® Mark, Defendant has engaged in consumer-oriented conduct that has adversely affected the public interest of New York and has resulted in injury to consumers in New York.

54.     Defendant's deceptive acts or practices, as described above, are materially misleading.  Upon information and belief, these acts or practices have deceived or have a tendency to deceive a material segment of the public to whom Defendant has directed its marketing activities, and both the public and Swarovski have been injured thereby.

55.     By the acts described in Paragraphs 1 through 21, Defendant has willfully engaged in deceptive acts or practices in the conduct of business and furnishing of services in violation of Section 349 of the New York General Business Law.

56.     Defendant's acts have caused and will continue to cause irreparable injury to Plaintiffs.  Plaintiffs have no adequate remedy at law and are thus damaged in an amount not yet determined.

10

**COUNT SIX**
**DILUTION AND LIKELIHOOD OF INJURY**
**TO BUSINESS REPUTATION UNDER**
**SECTION 360-l OF NEW YORK GENERAL BUSINESS LAW**

57.     Plaintiffs hereby incorporate by reference and reallege each and every allegation of Paragraphs 1 through 21 above.

58.     Plaintiffs are the exclusive owners of the SWAROVSKI® Mark nationwide, including in New York.

59.     Through prominent, long and continuous use in commerce, including commerce within New York, Plaintiffs' SWAROVSKI® Mark has become and continues to be famous and distinctive, since long before Defendant's sale and/or offering for sale of the products at issue here.

60.     Consumers are likely to purchase Defendant's products in the erroneous belief that Defendant is associated with, sponsored by or affiliated with Swarovski, or that Swarovski is the source of those products.  Defendant's use of the SWAROVSKI® Mark dilutes the distinctive quality of such mark and lessens the capacity of such mark to identify and distinguish Swarovski's goods.  Defendant's unlawful use of the SWAROVSKI® Mark in connection with binoculars, scopes and eyepieces also tarnishes the SWAROVSKI® Mark and causes blurring in the minds of consumers between Swarovski and Defendant, thereby lessening the value of the SWAROVSKI® Mark as a unique identifier of SWAROVSKI® products.

61.     By the acts described in Paragraphs 1 through 21, Defendant has diluted the distinctiveness of Plaintiffs' marks and caused a likelihood of harm to Plaintiffs' business reputation in violation of Section 360-l of the New York General Business Law.

62.     Defendant's wrongful acts will continue unless enjoined by this Court.

11

63.    Defendant's acts have caused and will continue to cause irreparable injury to Plaintiffs. Plaintiffs have no adequate remedy at law and are thus damaged in an amount not yet determined.

### COUNT SEVEN
### TRADEMARK INFRINGEMENT UNDER COMMON LAW

64.    Plaintiffs hereby incorporate by reference and reallege each and every allegation of Paragraphs 1 through 21 above.

65.    Plaintiffs own all right, title and interest in and to the SWAROVSKI® Mark as described above, including all common law rights in such mark.

66.    The advertisement and sale or offer for sale of "Swarovski" products by Defendant incorporate imitations of Plaintiffs' common law trademarks. Such unauthorized use by Defendant of Plaintiffs' common law trademarks constitutes trademark infringement and is likely to cause confusion and mistake in the minds of the trade and the purchasing public as to the source of the products, and to cause purchasers mistakenly to believe that such products are Swarovski's authentic goods or that Swarovski endorsed, licensed or sponsored those goods.

67.    Upon information and belief, Defendant has appropriated one or more of Swarovski's common law trademarks, causing confusion, mistake and deception as to the source of its goods.

68.    Defendant "palms off" its goods as those of Swarovski, improperly trading upon Swarovski's goodwill and Swarovski's valuable rights in and to the SWAROVSKI® Mark.

69.    Upon information and belief, Defendant committed the above acts willfully, in bad faith, and in conscious disregard of Plaintiffs' rights, and Plaintiffs are therefore entitled to exemplary and punitive damages pursuant to the common law of the State of New York in an amount sufficient to punish, deter and make an example of Defendant.

70.     By the acts described in Paragraphs 1 through 21, Defendant has engaged in trademark infringement in violation of the common law of the State of New York.

71.     Defendant's acts have caused and will continue to cause irreparable injury to Plaintiffs. Plaintiffs have no adequate remedy at law and are thus damaged in an amount not yet determined.

## COUNT EIGHT
## UNFAIR COMPETITION UNDER COMMON LAW

72.     Plaintiffs hereby incorporate by reference and reallege each and every allegation of Paragraphs 1 through 21 above.

73.     Defendant palms off its goods as those of Swarovski, improperly trading upon Swarovski's goodwill and Swarovski's valuable rights in and to the SWAROVSKI® Mark. Consumers are mistakenly led to believe that Swarovski is the source of Defendant's goods, or that Defendant is endorsed or licensed by, or is otherwise affiliated with, Swarovski.

74.     Upon information and belief, Defendant committed the above acts willfully, in bad faith and in conscious disregard of Swarovski's rights, and Swarovski is therefore entitled to exemplary and punitive damages pursuant to the common law of the State of New York in an amount sufficient to punish, deter and make an example of Defendant.

75.     By the acts described in Paragraphs 1 through 21 above, Defendant has engaged in unfair competition in violation of the common law of the State of New York.

76.     Defendant's acts have caused and will continue to cause irreparable injury to Plaintiffs. Plaintiffs have no adequate remedy at law and are thus damaged in an amount not yet determined.

## COUNT NINE
## UNJUST ENRICHMENT UNDER COMMON LAW

77.     Plaintiffs hereby incorporate by reference and reallege each and every allegation of Paragraphs 1 through 21 above.

78.     Upon information and belief, Defendant has been and will continue to be unjustly enriched as the result of its tactic of soliciting purchases of non-SWAROVSKI® products using the SWAROVSKI® Marks, thereby depriving Swarovski of revenues it rightfully should receive by virtue of its famous trademarks.

79.     On information and belief, by the acts described in Paragraphs 1 through 21 above, Defendant has retained revenues to which it is not equitably or legally entitled, and is thereby unjustly enriched at Swarovski's expense, in violation of the common law of the State of New York.

80.     Defendant's acts have caused and will continue to cause irreparable injury to Plaintiffs. Plaintiffs have no adequate remedy at law and are thus damaged in an amount not yet determined.

WHEREFORE, Swarovski prays:

(A)     For judgment that:

    (i)     Defendant has violated Section 32(a) of the Lanham Act, 15 U.S.C. § 1114(a);

    (ii)    Defendant has violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

    (iii)   Defendant has violated Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c);

    (iv)    Defendant has engaged in deceptive acts and practices under Section 349 of the New York General Business Law;

14

(v)     Defendant has diluted Swarovski's marks and caused a likelihood of injury to Plaintiffs' business reputation in violation of Section 360-l of the New York General Business Law;

(vi)    Defendant has engaged in trademark infringement under the common law of the state of New York;

(vii)   Defendant has engaged in unfair competition in violation of the common law of the state of New York; and

(viii)  Defendant has been unjustly enriched in violation of New York common law.

(B)     That a preliminary and permanent injunction be issued enjoining and restraining Defendant and its officers, agents, servants, employees and attorneys, and all those in active concert or participation with them, from:

(i)     Using any reproduction, counterfeit, copy or colorable imitation of the SWAROVSKI® Mark to identify any goods or services not authorized by Swarovski;

(ii)    Engaging in any course of conduct likely to cause confusion, deception or mistake, or to injure Swarovski's business reputation or dilute the distinctive quality of the SWAROVSKI® Mark or any other marks owned by Swarovski;

(iii)   Using a false description or representation tending falsely to describe or represent that Defendant has for sale, or may permissibly sell, any SWAROVSKI® product;

(iv)    Further infringing the SWAROVSKI® Mark by distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting, displaying or otherwise disposing of any products or services not authorized by Swarovski bearing any simulation, reproduction, counterfeit, copy or colorable imitation of the SWAROVSKI® Mark;

(v)     Using any simulation, reproduction, counterfeit, copy or colorable imitation of the SWAROVSKI® Mark in connection with the promotion, advertisement, display, sale, offering for sale, circulation or distribution of any unauthorized products or services in such fashion as to relate or connect, or tend to relate or connect, such products in any way to Swarovski, or to any goods or services sold, manufactured, sponsored or approved by, or connected with Swarovski;

(vi)     Making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any products or services distributed, offered or sold by Defendant are in any manner associated or connected with Swarovski, or are sold, manufactured, licensed, sponsored, approved or authorized by Swarovski;

(vii)    Performing any act constituting an infringement of any of the SWAROVSKI® Mark or of Plaintiffs' rights in said marks, using or exploiting said marks, or performing any act that dilutes Plaintiffs' SWAROVSKI® Mark;

(viii)   Effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (i) through (vii).

(C)      That an order be issued directing Defendant to remove from its website located at www.cambridgeworld.com, or any other website under the control of Defendant, any SWAROVSKI® Mark or any simulation, reproduction, counterfeit, copy or colorable imitation thereof pursuant to 15 U.S.C. § 1118; prohibiting the Defendant from printing, creating or distributing any promotional materials containing SWAROVSKI® Mark or any mark confusingly similar thereto; and directing Defendant to remove from its website located at www.cambridgeworld.com, or any other website under the control of Defendant, any reference, advertisement or claim to Defendant's having or offering for sale any products bearing the SWAROVSKI® Mark or any mark confusingly similar thereto.

(D)      That an order be issued directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that any products manufactured, sold or otherwise circulated or promoted by Defendant are authorized by Swarovski or related in any way to Swarovski's products.

(E)      For an assessment of the following profits, damages and fees:  (i) damages suffered by Swarovski, trebled, including an award for all profits that Defendant has derived

16

while using the SWAROVSKI® Mark, trebled, as well as costs and attorney's fees to the fullest

extent provided for by Section 35 of the Lanham Act, 15 U.S.C. § 1117, or, in the alternative,

statutory damages of up to $1,000,000 for each trademark that Defendant has counterfeited and

infringed per type of goods sold by Defendant pursuant to 15 U.S.C. § 1117(c); (ii) profits,

damages and fees, to the full extent available, pursuant to Sections 349 and 360-1 of the New

York General Business Law; and (iii) actual and punitive damages to the fullest extent available

under the common law.

(F)     For an order requiring Defendant to disseminate corrective advertisements,

including on its website, located at www.cambridgeworld.com, in a form approved by the Court,

to acknowledge its violations of the law hereunder and to ameliorate the false and deceptive

impressions produced by such violations.

(G)     For costs of suit and for such other and further relief as the Court shall deem

appropriate.

Dated:  August 16 , 2007,
New York, New York

ARNOLD & PORTER LLP

By: _____
Anthony Boccanfuso
399 Park Avenue
New York, New York  10022-4690
(212) 715-1000

Roberta L. Horton
Jessica L. Halbert
(*pending pro hac vice*)
555 Twelfth Street, N.W.
Washington, D.C.  20004
(202) 942-5000

*Counsel for Plaintiffs*

17