**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **SWAROVSKI AKTIENGESELLSCHAFT and** ) <br> **SWAROVSKI OPTIK NORTH AMERICA,** ) <br> ) <br> **Plaintiffs,** ) <br> ) <br> **v.** ) <br> ) <br> **CAMBRIDGE CAMERA EXCHANGE, INC.,** ) <br> **d/b/a CAMBRIDGE WORLD, INC.,** ) <br> ) <br> **Defendant.** ) | **07-CV-3333 (NGG) (CLP)** |

## <u>CONSENT JUDGMENT AND PERMANENT INJUNCTION</u>

Plaintiffs Swarovski Aktiengesellschaft and Swarovski Optik North America (collectively, "Swarovski") and Defendant Cambridge Camera Exchange, Inc. d/b/a Cambridge World, Inc. ("Cambridge World"), having settled this action on the terms and conditions stated herein, hereby STIPULATE and AGREE as follows:

1.  This is an action for: (i) trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114; (ii) false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (iii) false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (iv) trademark dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); (v) deceptive acts and practices under Section 349 of the New York General Business Law; (vi) dilution and likelihood of injury to business reputation under Section 360-1 of the New York General Business Law; (vii) common law trademark infringement; (viii) common law unfair competition; and (ix) common law unjust enrichment. This court has personal jurisdiction over the parties to this action and over the subject matter hereof pursuant to 28 U.S.C. §§ 1331, 1332(a)(2), 1338(a), 1367(a),

and 15 U.S.C. § 1121, and venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b).

2.    Swarovski designs, manufactures, and distributes crystal stones, jewelry, optical lenses, binoculars, glass scopes, and other products under the SWAROVSKI® mark and name.  The SWAROVSKI® trademark that is the subject of this action is famous and distinctive.  Swarovski has developed rights in this mark through decades of extensive and continuous use, and has enhanced its rights through obtaining numerous federal trademark registrations consisting of or incorporating SWAROVSKI®, including U.S. Registration Nos. 3,239,948 and 1,739,479, copies of which are attached as Exhibit A to the Complaint filed with this Court on August 10, 2007.

3.    In the Complaint, Swarovski alleged that Cambridge World used the SWAROVSKI® mark in connection with the offering for sale of binoculars, scopes, and eyepieces in a manner falsely suggesting that such goods are genuine SWAROVSKI® merchandise.  In particular, Swarovski complained that Cambridge World prominently used the SWAROVSKI® mark on its website, at www.cambridgeworld.com, in association with at least 23 glass and optical products without a license or other authorization from Swarovski or its affiliates to sell SWAROVSKI® products.  *See* Exhibit B of the Complaint for an image of this webpage.  Swarovski further alleged that Cambridge World falsely advertised that it sold SWAROVSKI® products when Cambridge World, in fact, never had any such products in its inventory.  Swarovski asserted that Cambridge World's actions constituted, *inter alia*, violations of Swarovski's trademark rights and false advertising.

4.    Since the filing of Swarovski's Complaint, the parties have agreed to a full and final settlement of this action as contained herein and the parties have agreed to the entry of this Consent Judgment and Permanent Injunction.

ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

- 2 -

1.      The default judgment entered in this case on December 19, 2007, in favor of Swarovski and against Cambridge World is hereby vacated.

2.      Defendant Cambridge World and its officers, employees, representatives, agents, servants, successors, assigns, licensees, affiliates, attorneys, and any successors in interest, as well as any person or entity acting under its direction or control or in active concert or participation with it, are IMMEDIATELY and PERMANENTLY ENJOINED from:

        a.      making any present or future use of the SWAROVSKI® trademark or any mark or name confusingly similar thereto, including without limitation on websites, in stores, in any printed or electronic material (including without limitation advertising or marketing materials), and on indoor or outdoor signage; and

        b.      engaging in any other activity constituting an infringement or dilution of or false advertising with respect to any of Swarovski's rights in the SWAROVSKI® trademark.

3.      Subjection to Section 4 herein, each party shall bear its own attorneys' fees and costs.

4.      This Court shall retain jurisdiction to enforce this Consent Judgment and Permanent Injunction. If Cambridge World is alleged to have breached the terms of this Consent Judgment and Permanent Injunction (including but not limited to by breaching Section 2 herein), Swarovski shall have the right to reopen this matter upon motion filed. If this matter is reopened, Swarovski may pursue any and all remedies it may have against Cambridge World, including, without limitation, damages, injunctive relief, attorneys' fees, and costs.

5.      Each of the parties acknowledges that it has had the benefit of the advice of counsel and that it is entering into this Consent Judgment and Permanent Injunction freely and voluntarily.

- 3 -

6.      Swarovski shall be granted all such writs and processes as are necessary or proper for the enforcement of this Consent Judgment and Permanent Injunction.

7.      All claims asserted in this action not expressly addressed herein are hereby dismissed with prejudice.

IT SO ORDERED:

s/Nicholas G. Garaufis
_____
U.S.D.J.

Dated: _____May 27_____, 2008

- 4 -

The individuals executing this Consent Judgment and Permanent Injunction represent and confirm that they are duly authorized to do so, and are similarly authorized to bind each of the signatories hereto.

CONSENTED TO:

Swarovski Aktiengesellschaft and
Swarovski Optik North America

By Their Attorneys,

Arnold & Porter LLP

By: _____
Anthony Boccanfuso
399 Park Avenue
New York, NY 10022-4690
Telephone: (212) 715-1000
Facsimile: (212) 715-1399
anthony.boccanfuso@aporter.com

Roberta Horton (*pro hac vice*)
555 Twelfth Street, N.W.
Washington, D.C. 20004-1206
Phone:     (202) 942-5000
Fax:        (202) 942-5999
roberta.horton@aporter.com

Cambridge Camera Exchange, Inc. d/b/a/
Cambridge World, Inc.

By Their Attorneys,

The Law Offices of Harvey Green

By: _____
Harvey Green
144 East 44th Street
New York, NY 10017
(212) 983-1516
(212) 983-4700
hmgesquire@verizon.net

- 5 -